```
BOB LEE, DISTRICT ATTORNEY
KELLY J. WALKER, ASSISTANT DISTRICT ATTORNEY
STATE BAR NUMBER 95538
COUNTY OF SANTA CRUZ
701 OCEAN STREET, ROOM 200
SANTA CRUZ CALIFORNIA  95060
TELEPHONE: (831) 454-2559

ATTORNEYS FOR THE PEOPLE OF THE STATE OF CALIFORNIA
```

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF CALIFORNIA,<br>　　　　　　　　　　Plaintiff,<br>-vs-<br>UNIVERSAL SYNDICATIONS INC., dba U.S. MONETARY EXCHANGE, ARTHUR MIDDLETON CAPITAL HOLDINGS dba WORLD RESERVE MONETARY EXCHANGE, RODNEY L. NAPIER, MARK R. STORNES and Does 1 through 25,<br>　　　　　　　　　　Defendant(s). | Case No. C09 01186 HRL<br><br>**NOTICE OF MOTION AND MOTION TO REMAND**<br><br>Date: May 26, 2009<br>Time: 10:00 a.m.<br>Dept: 2 (Hon. Howard Lloyd) |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD: PLEASE TAKE NOTICE that, Plaintiff the People of the State of California ("the People") moves this Court to remand this case to the Superior Court County of Santa Cruz of the State of California pursuant to **28 U.S.C. section 1447**(c), and will appear for oral argument on August 0, 2009, at 9:00 a.m. in the courtroom of the Honorable Howard Lloyd, at Courtroom 2, 280 South 1st. Street, San Jose, California. PLEASE TAKE FURTHER NOTICE that, pursuant to Local Rule 7-8 and **28 U.S.C. section 1447**(c), the People are filing a contemporaneous motion, also to be heard on May 26, 2009, at 10:00 a.m. in the courtroom of the Honorable Howard Lloyd, to recover their costs, including attorneys fees, incurred as a result of defendants' improvident removal of this action.

Movant the People of the State of California seeks an order remanding this case in its entirety to the Superior Court County of Santa Cruz of the State of California.

## SUMMARY OF ARGUMENT

The People filed this case in state court. The People seek to enjoin Defendants from committing acts of unfair competition and false advertising by misleading the public into believing they are receiving a free gift of coins. The People's Complaint contains two causes of action, and is based on defendants' violations of state law, sections 17200 and 17500 of California's Business & Professions Code. The complaint alleges that Defendants have violated section 17200 by violating six sections of the Business and Professions code and one section of the FTC act guidelines.

Defendants argue that diversity jurisdiction exists, because the real plaintiff here is the County of Santa Cruz, rather than the People of the State of California. Jurisdiction is determined based on the complaint filed and this complaint was in fact filed on behalf of the People, as allowed by state law. Cal. Bus. & Prof. Code § 17204. When the People are the plaintiff, the state itself is suing in its sovereign capacity. *People v. Steelcase*, 792 F. Supp. 84, 85 (C.D. Cal. 1992). A state is not a citizen of itself for purposes of diversity jurisdiction, so there can be no such jurisdiction here. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973).

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION AND PROCEDURAL HISTORY

On February 10, 2009, after over a year of negotiations including two face to face meeting, plaintiff the People of the State of California ("the People") brought suit in the Santa Cruz Superior Court against Universal Syndications Inc., dba U.S. Monetary Exchange, Arthur Middleton Capital Holdings dba World Reserve Monetary Exchange, Rodney Napier and Mark R. Stornes (collectively, "Defendants"). (Complaint, Exh. A to Declaration of Kelly J. Walker ("Walker Decl.").) The People allege that defendants, have engaged in unlawful and unfair business practices, in violation of

California Business & Professions Code § 17200, in seven regards: (1) by misleading consumers as to the free coins they will receive, the money they will need to pay to receive the free coins and the coins they will actually receive free (2) by advertising the receipt of the free coins but only after the purchase of a coin display item (3) by selling a coin display item by using the words free coins in an advertisement when they have not sold the display item at a regular price without the free coins (4) by using the term free coins in a manner that misleads the consumer as to what they are receiving free (5) by requiring the purchase of a display item to receive free coins when the majority of the sales of this display item in the preceding year were made only with the offer of free coins (6) by advertising a coin display item and coins without clearly and conspicuously identifying the price for each item; and (7) by advertising the sale of the coins and coin display items in a manner that misleads the consumer.

The People further allege that defendants have engaged in false and misleading advertising in the sale of their products, in violation of California Business & Professions Code § 17500, in at least five areas: (1) by stating, representing, suggesting, or implying that the coins have never been seen before (2) by stating, representing, suggesting, or implying that by paying a vault release fee the consumer can receive free coins (3) by stating, representing, suggesting, or implying that the coins are free (4) by stating, representing, suggesting, or implying that the coins are not available from the US Government; and (5) by stating, representing, suggesting, or implying that the sealed coin containers have never been seen.

On March 18, 2009, Defendants removed the action to this court. The only stated reason for the removal was Defendants' belief that when a County District Attorney brings an action under California Business & Professions Code § 17200 and § 17500, they are not "The People of the State of California". The Defendants further reason that since the Plaintiff is not the People of the State of California then complete diversity exists between the parties and federal jurisdiction is proper.

Defendants' removal of this action was improper. Diversity jurisdiction does not exist here. This action was brought in the name of The People of the State of California, under state law the

Sovereign State itself is the real party in interest. The State is not a citizen of itself, and diversity jurisdiction does not exist. Therefore, the People now bring this remand motion to return this case to its proper forum.

## ARGUMENT

## I. DEFENDANTS BEAR THE BURDEN OF ESTABLISHING JURISDICTION AND THIS CASE SHOULD BE REMANDED IF THERE IS ANY DOUBT.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A defendant may remove a state court action to federal court only if the federal court has original jurisdiction over the subject matter. 28 U.S.C. § 1441(a), (b). Federal courts have original jurisdiction only where there is federal question jurisdiction - that is, if the action "aris[es] under the Constitution, laws, or treaties of the United States," *id.* § 1331 - or if, under 28 U.S.C. § 1332, the parties to the action are citizens of different states and the amount in controversy exceeds $ 75,000. There has been no federal question jurisdiction raised by defendants in this notice of removal so the only question before this court is diversity jurisdiction.

The defendant seeking removal "must take and carry the burden of proof" that removal is proper. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). "Because of the 'Congressional purpose to restrict the jurisdiction of federal courts on removal,' the statute is strictly construed." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). Indeed, because of this congressional purpose, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added).

Finally, when the State itself is the plaintiff, federal courts must be particularly cautious in taking jurisdiction. As the Supreme Court has stated, "considerations of comity make us reluctant to snatch cases which a State has brought from the courts of that State." *Franchise Tax Board of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983) (emphasis added). Here, it is the People of the State of California who have brought suit against defendants in state court, and state

law treats this suit as brought by the sovereign State itself. *See* California Government Code § 100 (discussed below in Section II). The *Franchise Tax Board* Court's caution therefore applies with full force.

## II. DEFENDANTS CANNOT MEET THEIR BURDEN OF SHOWING THAT DIVERSITY JURISDICTION EXISTS IN THIS CASE.

Just as Defendants must bear the burden of proving that federal-question jurisdiction exists, so too must they demonstrate that diversity jurisdiction is present to justify removal. *State ex rel. Webster v. Best Buy Co.*, 715 F. Supp. 1455, 1456 (E.D. Mo. 1989). Defendants cannot meet this burden.

Pursuant to 28 U.S.C. § 1332(a)(1), federal district courts have jurisdiction of all civil actions between "citizens of different States" where the amount in controversy exceeds $ 75,000. States, however, are not "citizens of a state" for diversity purposes. *Moor v. Alameda County*, 411 U.S. 693, 717 (1973). For a suit to be between "citizens of different states," 28 U.S.C. § 1332(a)(1), "each distinct interest should be represented by persons, all of whom are entitled to sue, or may be sued, in the federal courts." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Thus, if one party to an action is not a citizen of any state, a district court cannot exercise diversity jurisdiction over the action. *Maryland Stadium Authority v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). Moreover, the citizenship of a nominal party is disregarded in determining the existence of diversity; "only those with a real and substantial interest in the controversy are considered." *Abrams v. General Motors Corp.*, 547 F. Supp. 703, 704 (S.D.N.Y. 1982) (citing *Navarro Savings Association v. Lee*, 446 U.S. 458, 460-61 (1980)). "[W]hether the respective state is itself the real party in interest is a question to be determined from the 'essential nature and effect of the proceeding.'" *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 250 (7th Cir. 1981), quoting *Ford Motor Co. v. Dep't of Treasury*, 323 U.S. 459, 464 (1945). Thus, where a state is found to be the real party in interest, the requirements of section 1332 are not satisfied and removal is improper.

Defendants are all citizens of Ohio. In an effort to create diversity, Defendants' Notice of Removal mischaracterizes the plaintiff in this action as the County of Santa Cruz, a political subdivision of the State of California. This is plainly incorrect. This complaint is not brought to vindicate any proprietary right of County government. There are no allegations that the County of Santa Cruz itself has been misled, or that Santa Cruz itself has been damaged by Defendants' practices. The complaint has two causes of action and alleges violations of California state law. For this reason, Santa Cruz would not have Article III standing to challenge Defendants practices in federal court. *Mangini v. R.J. Reynolds Tobacco Co.*, 793 F. Supp. 925, 929-930 (1992); *see also People v. Beltz Travel Service, Inc.*, 379 F.Supp. 948, 950 (N.D. Cal. 1974) (remanding unfair business practices action brought by District Attorney for lack of Article III standing).

In this case, as in every case involving restitution, a successful result for the governmental entities may well result in money being paid to private parties. However, the section 17200 restitution claims filed by the governmental entities in this case are fundamentally law enforcement actions designed to protect the public. As such, the restitution claims also satisfy the "public policy test." In *City & County of San Francisco v. PG&E Corporation* (2006, 9th Circuit) 433 F.3d 1115. Opinion by Thomas. the Debtor filed a petition for bankruptcy under the reorganization provisions of Chapter 11 of the Bankruptcy Code. The following year, in separate actions, the City and County of San Francisco and the People of the State of California, through Attorney General Bill Lockyer, filed law enforcement UCL actions against the parent holding company, the Corporation. Both actions were removed to bankruptcy court where San Francisco and the AG's Office moved to remand their cases back to state court. The court found that § 1452(a)'s police or regulatory power exception applied to bar removal of the civil penalty, restitution and injunctive relief portions of the actions. As the California Supreme Court has explained, a civil action brought by a governmental entity under section 17200 "is fundamentally a law enforcement action designed to protect the public and not to benefit private parties." *People v. Pacific Land Research Co.*, 20 Cal. 3d 10, 141 Cal.Rptr. 20, 24, 569 P.2d 125 (Cal. 1977). The character of a section 17200 action is not affected by the choice of restitution as a remedy. As the Court further explained:

> The request for restitution on behalf of vendees in such an action is only ancillary to the primary remedies sought for the benefit of the public. (*People v. Super. Ct. (Jayhill)*, 9 Cal.3d 283, 286, 107 Cal.Rptr. 192, 507 P.2d 1400.) While restitution would benefit the vendees by the return of the money illegally obtained, such repayment is not the primary object of the suit, as it is in most private class actions.

Under Business and Professions Code section 17204, "[T]he governmental entities are not asserting the Utility's claim in the lawsuit. They are pursuing a section 17200 remedy as a matter of state statutory right independent of any claim that the Utility could have pursued." Distinguishing between private actions and public law enforcement actions, the court quoted from the "intent" language of Prop. 64. "The initiative's finding and declaration of purpose provided that '[i]t is the intent of California voters in enacting this act that only the California Attorney General and local public officials be authorized to file and prosecute actions on behalf of the general public.' Initiative Measure (Prop. 64) § 1(f). The initiative further declared that '[i]t is the intent of California voters in enacting this act that the Attorney General, district attorneys, county counsels, and city attorneys maintain their public protection authority and capability under the unfair competition laws.' Id. at § 1(g). This statement of purpose is in accord with the long history of the Unfair Practices Act."

This complaint is brought by the "People of the State of California acting by and through District Attorney Bob Lee." State law expressly grants standing to certain public prosecutors (e.g., the Attorney General, District Attorneys, and certain City Attorneys) to file suits on behalf of the People. Cal. Bus. & Prof. Code §§ 17204, 17206(a). Such suits are filed in a sovereign capacity, to protect the citizens of the state from unscrupulous businesses. *People v. Pacific Land Research Co.*, 20 Cal.3d 10, 17 (1970). In this case, the People seek to enjoin Defendants from engaging in unlawful practices, and to obtain restitution and civil penalties. The State of California has a sovereign interest in the outcome of this lawsuit: to secure an honest marketplace for its residents in which they are not subject to unlawful and deceptive business practices and enforcement of their laws.

Defendants also assert that the County of Santa Cruz is the real party in interest because Santa Cruz would receive any civil penalties awarded in this case. However, under state law such penalties are not for the benefit of the County itself. Instead, they "shall be for the exclusive use . . . by the district attorney . . . for the enforcement of consumer protection laws." Cal. Bus. & Prof. Code § 17206(c).

In California, the State is the real party in interest in actions prosecuted in the name of the People. See Cal. Govt. Code § 100 ("The sovereignty of the state resides in the people thereof, and all writs and processes shall issue in their name. ... The style of all process shall be 'The People of the State of California,' and all prosecutions shall be conducted in their name and by their authority."); *People of the State of California v. Steelcase*, 792 F. Supp. 84, 85 (C.D. Cal. 1992) (State was real party in interest where action was brought by district attorney of Los Angeles under Cal. Bus. & Prof. Code §§ 17200 *et seq.*); *Nguyen v. Superior Court*, 49 Cal. App. 4th 1781, 1788-89 (1996) (State was real party in interest where action was brought by San Mateo County district attorney under state's Red Light Abatement Law, Penal Code § 11226).

In *Steelcase*, which involved an action brought under the same unfair competition law that the People's present action invokes, the court held that "the unfair competition statute expressly authorizes this action to be prosecuted in the name of the People," and further, likened civil penalties to criminal enforcement undertaken in the public interest. **792 F. Supp. at 85, 86.** Pursuant to the unfair competition statute district attorneys and city attorneys of cities, or cities and counties, with a population in excess of 750,000, may bring actions seeking civil penalties (Cal. Bus. & Prof. Code § 17206(a)), or injunctive relief (Cal. Bus. & Prof. Code § 17204) in the name of the people of the State of California. Accordingly, the court found that "the State of California is the real party in interest" concerning the unfair competition suit, and thus, remanded the case for lack of diversity jurisdiction. *Steelcase*, 792 F. Supp. at 86, 87.

Similarly, in *Nguyen*, the court held that the plain language of the Red Light Abatement Law, Penal

Code § 11226, authorized the district attorney of San Mateo County to "bring the action 'in the name of the people of the State of California.'" **49 Cal. App. 4th at 1787.** Moreover, the court found public nuisance actions are analogous to unfair competition suits in that both resemble criminal actions and are prosecuted on behalf of the people. *Id.* **at 1788.** Accordingly, because actions brought by the State are exempted from the mandatory transfer provision of § 394 of the California Code of Civil Procedure, the court found red light abatement actions prosecuted by a district attorney in the name of the people were similarly exempted from the mandatory transfer provision. **Id. at 1790, 1792.**

In *California v. Check 'n Go of Cal., Inc.,* 2007 U.S. Dist. LEXIS 65650 (WL2406888 N.D. Cal. Aug. 20, 2007), defendants also argued that the Court had diversity jurisdiction over the action because the amount in controversy exceeded $ 75,000 and the parties were completely diverse.  As in this case, the defendant claimed the real party in interest was not the State of California but was instead the City of San Francisco.  In determining if diversity jurisdiction exists, the court indicated that the courts must examine the citizenship of the real parties to the controversy, not the citizenship of nominal or formal parties. *Navarro Sav. Ass'n v. Lee,* **446 U.S. 458, 460-461, 100 S. Ct. 1779, 64 L. Ed. 2d 425 (1980)**. If the State is the real party in interest in the action, diversity jurisdiction does not exist because "a State is not a 'citizen' for purposes of the diversity jurisdiction." See *Moor v. County of Alameda,* **411 U.S. 693, 717, 93 S. Ct. 1785, 36 L. Ed. 2d 596 (1973)**; *see also California v. Steelcase, Inc.,* **792 F. Supp. 84, 86 (C.D. Cal. 1992)**   ("[F]or diversity purposes, a state is not a citizen of itself. Therefore, it cannot sue or be sued in a diversity action.").

As in *Steelcase,* the *Check 'n Go* court concluded that when the district attorney filed an action pursuant to those provisions of the California Business and Professions in the name of the People of the State of California**,** the State was the proper plaintiff, and the real party in interest, and thus, diversity jurisdiction did not exist. *Id.* at 85-86; *cf Nguyen v. Superior Court,* **49** Cal. App. 4th 1781, 1789, 57 **Cal.** Rptr. 2d 611 (1996); *People v. Bhakta,* **135** Cal. App. 4th 631, 638, 641, 37

Cal. Rptr. 3d 652 (2006) (holding that California Penal Code § 11226 and California Business and Professions Code §§ 17204, 17206(a) provide city and district attorneys with equal status and authority to bring actions in the name of the People of the State of California and to represent the people of the State in such actions).

In analogous actions brought on behalf of other states, federal courts have remanded for lack of diversity jurisdiction. In *Abrams v. General Motors Corp.*, 547 F. Supp. 703 (S.D.N.Y. 1982), the New York Attorney General brought an action against General Motors, alleging "fraudulent and illegal business practices" and seeking, *inter alia*, restitution for aggrieved consumers. The court found that the State has a quasi-sovereign interest in "securing an honest marketplace in which to transact business" in order to safeguard the economic well being of its citizens. *Id.* at 705 (citation omitted). Because the State itself was the plaintiff, diversity jurisdiction did not exist. *Id.* at 707. In *Eure v. NVF Co.*, 481 F. Supp. 639, 642 (E.D.N.C. 1979), the court held that North Carolina was a real party in interest in a suit by its Secretary of State to compel compliance with the state's Tender Offer Disclosure Act, noting that the state was concerned with ensuring "aboveboard dealings in the purchase of stock," and thus, remanded for lack of diversity jurisdiction. Additionally, in *Illinois ex rel. Scott v. Hunt International Resources Corp.*, 481 F. Supp. 71 (N.D. Ill. 1979), the court found the State of Illinois was a real party in interest in a suit by its Attorney General to enjoin violations of the Illinois Consumer Fraud and Deceptive Practices Act and obtain damages and restitution for consumers affected, and thus, remanded for lack of diversity jurisdiction. Civil penalties are akin to criminal enforcement, *Steelcase*, 792 F. Supp. at 86, and have been found consistent with suits prosecuted in the name of the people, *Illinois ex rel. Scott*, 481 F. Supp. at 73.

Accordingly, for the reasons stated above, the State of California is the real party in interest in this lawsuit. Because the State itself is not a citizen of any state, there is no complete diversity, and this case must be remanded for lack of diversity jurisdiction.

**III. BECAUSE THE COURT LACKS ORIGINAL JURISDICTION OVER THIS ACTION, IT MAY NOT EXERCISE SUPPLEMENTAL JURISDICTION.**

Sections 1367(a) and 1441(c) of Title 28 allow district courts to exercise supplemental jurisdiction over claims in a case that are related to those over which the court has original jurisdiction. Here, however, there is no diversity jurisdiction and this Court therefore may not exercise supplemental jurisdiction over any claim in this action. *Hunter v. United Van Lines,* 746 F.2d 635, 649 (9th Cir. 1984).

Additionally, defendants have correctly failed to argue that the Court independently has jurisdiction over this action under 28 U.S.C. §§ 1441 and 1331. In a case decided by Judge Conti with very similar facts, the court found no substantial federal question has been raised in *California v. H&R Block, Inc.,* 2006 U.S. Dist. LEXIS 69472 (N.D. Cal. Sept. 18, 2006), and remanded the case. The Attorney General's complaint alleged a single violation of federal law and multiple violations of state laws as the basis for their Section 17200 unfair competition cause of action. The court in granting the AG's remand motion stated," The AG's allegation that Block has violated the TILA does not form an "essential part[]" of the AG's Section 17200 cause of action against Block**.** *Grable,* 125 S. Ct. at 2368. Rather, it is but one of eight basic predicate violations (many containing sub-violations) on which the AG bases its Section 17200 cause of action. *See* Compl., P 56. If the AG successfully proves any one of these predicate acts it will prevail on its Section 17200 cause of action. *See* Cal. Bus. & Prof. Code § 17200."

**IV.  DEFENDANT SHOULD PAY PLAINTIFF'S COSTS AND ATTORNEY FEES FOR THEIR IMPROPER REMOVAL**

Pursuant to 28 U.S.C. § 1447(c), Plaintiff requests an award of attorneys' fees and costs incurred as a result of Defendants' allegedly improper removal. "An order remanding the case may require payment

of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). To determine whether to award costs and fees under § 1447(c), this Court has a "great deal of discretion." *Morris v. Bridgestone/Firestone, Inc.*, 985 F.2d 238, 240 (9th Cir. 1993). Plaintiff contacted defense counsel on March 24, 2009 and requested this matter to be returned to state court without court intervention (Exh. B to Walker Decl). Plaintiff indicated that a review of the applicable case law relating to the removal of an action filed under Sections 17200 and 17500 would reveal the case was improperly removed. Plaintiff also stated that the cases relied upon by defendant did not deal with the prosecution of section 17200 and 17500 cases. Defense counsel indicated he would let the court decide. Plaintiff believes the removal was without adequate legal support and attorney fees of $1500 should be awarded.

## CONCLUSION

In this case, brought by the State of California in a California state court to enforce California laws for conduct which occurred in California and which allegedly victimized California citizens, removal is not appropriate. For the reasons offered above, the People respectfully submit that this Court should enter an order remanding this case in its entirety to the Santa Cruz County Superior Court.

DATED:   April 2, 2009          Respectfully submitted,
                                BOB LEE
                                District Attorney for Santa Cruz County


                                _____/S/_____
                                Kelly J. Walker
                                Assistant District Attorney