1  LEO CUNNINGHAM, State Bar No. 121605
       Email: lcunningham@wsgr.com
2  WILSON SONSINI GOODRICH & ROSATI, P.C.
   650 Page Mill Road
3  Palo Alto, CA 94304-1050
   Telephone: (650) 493-9300
4  Facsimile: (650) 565-5100

5  THEODORE ALLEGAERT, State Bar No. 196780
       Email: allegaert@clm.com
6  CARTER LEDYARD & MILBURN LLP
   2 Wall Street
7  New York, NY 10005
   Telephone: (212) 732-3200
8  Facsimile: (212) 732-3232

9  Attorneys for Defendants

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13  THE PEOPLE OF THE STATE OF            )    CASE NO.: C09-01186 JF
    CALIFORNIA,                           )
14                                        )    **NOTICE OF MOTION AND
                 Plaintiff,               )    MOTION TO DISMISS
15                                        )    (Fed. R. Civ. P. 12(b)(6));
          v.                              )    MEMORANDUM OF POINTS AND
16                                        )    AUTHORITIES IN SUPPORT**
    UNIVERSAL SYNDICATIONS, INC., d/b/a   )
17  U.S. MONETARY EXCHANGE, ARTHUR        )    Hearing Date and Time:
    MIDDLETON CAPITAL HOLDINGS d/b/a      )    May 29, 2009, 9:00 a.m.
18  WORLD RESERVE MONETARY                )
    EXCHANGE, RODNEY L. NAPIER, MARK R.   )    Before: Hon. Jeremy Fogel
19  STORNES and DOES 1 THROUGH 25,        )
                                          )
20               Defendants.              )
                                          )
21  _____ )

22  TO PLAINTIFF AND THE COURT:

23          PLEASE TAKE NOTICE that on May 29, 2009, at 9:00 a.m. or as soon thereafter as

24  counsel may be heard, in Courtroom 3 on the fifth floor of the U.S. Courthouse located at 280

25  South 1st Street, San Jose, CA 95113, before the Honorable Jeremy Fogel, all the named

26  defendants in this action shall, and do hereby, move the Court for an order dismissing plaintiff's

27  Complaint For Civil Penalties and Equitable Relief pursuant to Fed. R. Civ. P. 12(b)(6).

28

1      This motion seeks dismissal for failure to state a claim upon which relief can be granted,

2  and is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and

3  Authorities in Support, *infra*, the Declaration of Crystal M. Gaudette dated April 6, 2009 and

4  filed concurrently herewith, the Court's file concerning this action, and such oral argument and

5  further matter as may be received by the Court at the hearing of the motion.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

STATEMENT OF ISSUES TO BE DECIDED ........................................................... 2

STATEMENT OF ALLEGED FACTS ........................................................................ 3

ARGUMENT .................................................................................................................. 3

I.    THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE UNFAIR COMPETITION LAW (UCL) OR FALSE ADVERTISING LAW (FAL) BECAUSE THE CLAIMED STATEMENTS CANNOT DECEIVE A REASONABLE CONSUMER AND CANNOT LEAD TO INJURY .............................. 5

    A.    Plaintiff's Assertion of Consumer Deception is Implausible on its Face ............... 5

    B.    The Claimed Deception Cannot Lead to Any Injury. ....................................... 8

II.   THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE UCL BECAUSE PLAINTIFF HAS NOT ALLEGED SUPPORTING FACTS WITH RULE 9(B) PARTICULARITY OR EVEN "REASONABLE PARTICULARITY" ....... 8

    A.    The Complaint Does Not State A Claim Under The "Fraudulent" Prong Of The UCL. ........................................................................................................... 9

    B.    The Complaint Does Not State a Claim Under the "Unfair" Prong of the UCL. ......................................................................................................... 10

    C.    The Complaint Does Not State a Claim Under the "Unlawful" Prong of the UCL. ......................................................................................................... 12

III.  THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE FAL BECAUSE PLAINTIFF HAS NOT ALLEGED SUPPORTING FACTS WITH RULE 9(B) PARTICULARITY ................................................................................... 14

1

# TABLE OF AUTHORITIES

2

## FEDERAL CASES

3

**Page**

4

*Aaron v. Aguirre*, No. 06-CV-1451 POR, 2007 WL 959083
    (S.D. Cal. Mar. 8, 2007) ................................................................................... 15

5

*Advanced Cardiovascular Sys. v. Scimed Sys., Inc.*, No. C96-0950 DLJ, 1996 WL 467277
6
    (N.D. Cal. July 24, 1996)) ................................................................................ 5

7

*Balistreri v. Pacifica Police Department*, 901 F.2d 696 (9th Cir. 1988) ........................ 4

8

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929
    (2007) .................................................................................................................. 4

9

*Brothers v. Hewlett Packard Co.*, No. C-06-02254 RMW, 2006 WL 3093685 (N.D. Cal.
10
    Oct. 31, 2006) ......................................................................................... 9, 11, 13

11

*Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW, 2007 WL 485979 (N.D. Cal.
    Feb 12, 2007) ..................................................................................................... 4
12

*Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. 05-3465 PJH, 2006 WL 13058 (N.D. Cal.
13
    Jan. 3, 2006) ..................................................................................................... 14

14

*Churchill Village, L.L.C. v. General Elec. Co.*, 169 F. Supp. 2d 1119 (N.D. Cal. 2000),
    *aff'd*, 361 F.3d 566 (9th Cir.), *cert. denied*, 543 U.S. 818 (2004) ........................... 11
15

*Cordner v. United States*, 671 F.2d 367 (9th Cir. 1982) ................................................. 6
16

*Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) .................................................... 5, 7
17

*Fulford v. Logitech Inc.*, No. C-08-2041 MMC, 2008 WL 4914416 (N.D. Cal.
18
    Nov. 14, 2008) ................................................................................................. 15

19

*Haskell v. Time, Inc.*, 857 F. Supp. 1392 (E.D. Cal. 1994) ............................................ 6

20

*Heat Surge LLC et al. v. Bob Lee and Kelly J. Walker*, No. C09-00572-JF (N.D. Cal.,
    filed February 9, 2009) ....................................................................................... 1
21

*Meinhold v. Spectrum, L.P.*, No. CIV. S-07-00456 FCD EFB, 2007 WL. 1456141 (E.D.
22
    Cal. 2007) ........................................................................................... 9, 10, 14, 15

23

*Perfect 10, Inc. v. Visa Int'l Svc. Ass'n*, 494 F.3d 788 (9th Cir. 2007) ......................... 15

24

*Qarbon.com, Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046 (N.D. Cal. 2004) ................ 5, 11

25

*Schmier v. U.S. Court of Appeals*, 279 F.3d 817 (9th Cir. 2002) ................................... 4

26

*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983 F. Supp. 1303 (N.D. Cal. 1997) ....... 5, 9

27

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. C07-00554 JSW, 2007 WL
28
    2122638 (N.D. Cal. July 3, 2007) ............................................................... 13, 15

*United States v. Kahre*, No. 2:05-CR-0121 RCJ RJJ, 2007 WL 15210642 (D. Nev. May 22, 2007) ................................................................................................................ 6 n.4

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097 (9th Cir. 2003) ............................. 4, 9, 10, 12, 15

*Williams v. Gerber Products Co.*, 552 F.3d 934 (9th Cir. 2008) ................................................. 5, 7

**STATE CASES**

*Bank of the West v. Superior Court*, 2 Cal. 4th 1254 (1992) ........................................ 8 n.5

*Bardin v. Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255 (2006) ................................ 10

*Bernardo v. Planned Parenthood Federation of America*, 115 Cal. App. 4th 322, *cert. denied*, 543 U.S. 942 (2004) ....................................................................................... 11, 14

*Blakemore v. Superior Court*, 129 Cal. App. 4th 36 (2005) ........................................ 8

*Cel-Tech Commn's, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163 (1999) ................ 8, 10

*Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351 (2003) .................. 146

*Cruz v. PacifiCare Health System, Inc.*, 30 Cal. 4th 303 (2003) ........................................ 8

*Daugherty v. Am. Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 838 (2006) ............................ 7

*Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377 (1992) ........................................ 12

*Khoury v. Maly's of Cal., Inc.*, 14 Cal. App. 4th 612 (1993) ........................................*passim*

*Kraus v. Trinity Mgmt. Serv., Inc.*, 23 Cal. 4th 116, 999 P.2d 718 (2000) ............................................................................... 11, 13 and n.7

*Lavie v. Procter & Gamble Co.*, 105 Cal. App. 4th 496 (2003) ........................................ 5, 6

*Perdue v. Crocker Nat'l Bank*, 38 Cal. 3d 913 (1985), *appeal dismissed*, 475 U.S. 1001, 106 S. Ct. 1170 (1986) ....................................................................................... 5

*Scripps Clinic v. Superior Court*, 108 Cal. App. 4th 917 (2003)........................................... 10, 11

*Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700 (2001) ........................... 10, 11, 12

**FEDERAL STATUTES**

Fed. R. Civ. P. 8 ......................................................................................................... 5, 8

Fed. R. Civ. P. 9(b)...................................................................................................*passim*

Fed. R. Civ. P. 12(b)(6)............................................................................................. 3, 4

Federal Trade Commission Act, § 5(a), 15 U.S.C. § 45 (West 2009) ......................... 13

1

**STATE STATUTES**

2 Cal. Bus. & Prof. Code § 17200 (West 2009)........................................................................*passim*

3 Cal. Bus. & Prof. Code § 17500 (West 2009)........................................................................*passim*

4 Cal. Bus. & Prof. Code § 17507 (West 2009)............................................................................ 13

5 Cal. Bus. & Prof. Code § 17537 (West 2009).................................................................. 13 and n. 7

6 Cal. Bus. & Prof. Code § 17537.11 (West 2009)............................................................. 13 and n. 6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Plaintiff's Complaint for Civil Penalties and Equitable Relief ("Complaint") was filed in state court by officials in the Santa Cruz County district attorney's office on February 10, 2009. Defendants timely removed the case to this Court based on the diversity of the real parties in interest and the amount in controversy.[1]

This case is related to *Heat Surge LLC et al. v. Bob Lee and Kelly J. Walker,* No. C09-00572-JF (N.D. Cal., filed February 9, 2009), an action by defendant World Reserve Monetary Exchange, Inc. ("WRME") and another operating subsidiary of defendant Arthur Middleton Capital Holdings, Inc. ("AMCH") for declaratory and injunctive relief against those same officials comprising, *inter alia,* the controversy at issue here.[2]  The *Heat Surge LLC* plaintiffs seek relief based, *inter alia,* on the contention that the Santa Cruz officials have engaged in a protracted campaign of harassment and threats of litigation concerning the *Heat Surge* plaintiffs' lawful advertising with the aim of extracting an unwarranted and substantial monetary settlement in favor of Santa Cruz County.

After threatening the *Heat Surge* plaintiffs with litigation for more than fourteen months, the Santa Cruz officials did not file the instant Complaint until the day after they were served in *Heat Surge LLC.*

Both the sudden haste, and the lack of substance to the Santa Cruz officials' underlying "investigation" of AMCH subsidiaries' advertising, are evident in the Complaint:  it contains only general allegations that purport to challenge the alleged use of the term "free coins" by unspecified defendants in unspecified advertisements of unspecified "coin holding products" in unspecified media on unspecified dates; it claims in conclusory fashion that "free coins" is

---

[1] True and correct copies of the Complaint and defendants' Notice of Removal are attached as Exhibits A and B to the Declaration of Crystal M. Gaudette dated April 6, 2009 and filed concurrently herewith ("Gaudette Declaration").

[2] True and correct copies of the *Heat Surge LLC* case docket and operative complaint are attached as Exhibits C and D to the Gaudette Declaration.  On April 6, 2009, the Court granted *Heat Surge LLC* plaintiffs' stipulated Administrative Motion to Consider Whether Cases Should Be Related, and the instant matter was thereby reassigned to the Hon. Jeremy Fogel.  A copy of the order is attached as Exhibit E to the Gaudette Declaration.

1    "deceptive and misleading."[3]  Based on that, plaintiff purports to assert causes of action under

2    California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, ("UCL"), and

3    California's False Advertising Law, Cal. Bus. & Prof. Code § 17500 *et seq.*, ("FAL"), and to

4    seek civil penalties and injunctive relief for the benefit of Santa Cruz County.  The Complaint

5    contains no allegation whatever that any consumer actually has been deceived by, much less

6    complained to the Santa Cruz district attorney's office about, the claimed language in the

7    unspecified advertisements.

8            As explained below, plaintiff's assertion of deception is facially implausible because it

9    ignores the obvious fact that the claimed "free coins" included in the unspecified "coin holding

10   products" have a face value as U.S. currency.  Consequently, receiving the coins reduces the

11   actual cost of the "coin holding product" from whatever is initially paid to a lower amount which

12   the reasonable consumer can and would calculate by simply subtracting the value of the coins

13   from the amount the consumer paid.  In light of this readily apparent economic reality, the Court

14   should reject plaintiff's apparent contention that consumers are likely to be deceived into

15   thinking that their initial payment is solely for the "coin holder" and that they will get the coins

16   for "free," and should dismiss plaintiff's claims accordingly.

17           Even if plaintiff's theory of deception were facially plausible (and it is not), the

18   Complaint fails to allege facts in support of plaintiff's purported causes of action with the level

19   of particularity that the Federal Rules of Civil Procedure and applicable state law require.  The

20   Court should grant the instant motion for this alternative reason as well.

21                          **STATEMENT OF ISSUES TO BE DECIDED**

22           1.      Whether plaintiff's proffered theory of consumer deception is implausible on its

23   face and therefore legally insufficient as a basis for plaintiff's deception-based causes of action.

24

25   _____

26       [3] Other than for purposes of this motion to dismiss, defendants in no way concede the
     accuracy of plaintiff's characterizations of their business, advertising and/or products, and
27   expressly reserve the right to challenge all of plaintiff's assertions on all available legal and
     factual grounds.

28

2.      Whether the Complaint pleads facts in support of plaintiff's asserted causes of action with the particularity required by the Federal Rules of Civil Procedure and applicable state law.

**STATEMENT OF ALLEGED FACTS**

Plaintiff's only non-conclusory general allegations are: (1) that the named corporate defendants are Ohio entities controlled by the individual defendants and "appear to be in the business of selling coin holders," Complaint ¶¶ 6-11; (2) that "[o]n or about March 2006 and continuing to today, defendants advertised and sold various coin holding products by advertising free coins with the purchase of the coin holding product," *id.* at ¶ 23; and (3) that "[d]efendants have never sold the coin holding products without the coins because they claim there is no market for their product without the free coins," *id.*

In the part of the Complaint that purports to state a cause of action under the FAL (and only that part), plaintiff further alleges that unspecified defendants have made "false, fraudulent, misleading or deceptive statements or representations," in unspecified advertisements, "[s]tating, representing, suggesting or implying" that unspecified coins "have never been seen before," that "by paying a vault release fee the consumer can receive the free coins," that "the coins are not available from the U.S. Government," and that the unspecified coins and unspecified "sealed coin containers" "have never been seen before." *Id.* at ¶ 29. The Complaint conspicuously fails to allege any advertisement's context, or when and in what publication or other media the alleged statements were made, and in regard to what "coin holding product" they were made. *See id.*

Every other allegation in the Complaint is either a purported recitation of statutory law, a legal conclusion couched as a factual allegation, or a naked legal conclusion. *See, e.g., id.* at ¶¶ 14-18 (reciting statutes), ¶ 23 ("The use of the term free in this situation is deceptive and misleading, violating various California and Federal Statutes"), and ¶ 25 (listing claimed statutory violations without supporting facts).

**ARGUMENT**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the plaintiff's claims. "A district court should grant a motion to dismiss if

1  plaintiffs have not pled 'enough facts to state a claim to relief that is plausible on its face.'"

2  *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting *Bell Atlantic Corp.*

3  *v. Twombly,* 550 U.S. 544, ___, 127 S. Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).  While the

4  court accepts as true all material allegations in the complaint in evaluating the motion, it need not

5  accept the truth of conclusory allegations or unwarranted inferences, nor should it accept legal

6  conclusions as true merely because they are cast in the form of factual allegations.  *Schmier v.*

7  *U.S. Court of Appeals*, 279 F.3d 817, 820 (9th Cir. 2002).  Dismissal is proper if a complaint

8  displays either a "'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged

9  under a cognizable legal theory.'"  *Brothers v. Hewlett-Packard Co.*, No. C-06-02254 RMW,

10  2007 WL 485979, at *2 (N.D. Cal. Feb. 12, 2007) (quoting *Balistreri v. Pacifica Police Dep't*,

11  901 F.2d 696, 699 (9th Cir. 1988)).

12          In regard to the requirement that plaintiff plead "sufficient facts," Federal Rule of Civil

13  Procedure 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting fraud

14  . . . shall be stated with particularity."  Fed. R. Civ. P. 9(b).  Failure to satisfy the dictates of Rule

15  9(b), where it applies, is grounds for dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a

16  claim.  *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003).

17          Rule 9(b)'s particularity requirement applies where a plaintiff chooses to make

18  "averments of fraud" in support of state law causes of action, even if fraud is not a necessary

19  element of those causes of action.  *See Vess,* 317 F.3d at 1103 (so holding in case involving UCL

20  and FAL claims).  Where plaintiffs "allege a unified course of fraudulent conduct and rel[y]

21  entirely on that course of conduct as the basis of a [UCL or FAL] claim[,] the claim is said to be

22  'grounded in fraud' or to 'sound in fraud,' and the pleading of that claim as a whole must satisfy

23  the particularity requirements of Rule 9(b). . . .  In other cases, however, a plaintiff may choose .

24  . . to allege some fraudulent and some non-fraudulent conduct [in which cases] only the

25  allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements."  *Id.* at 1103-

26  04.

27          Even where UCL claims are not "grounded in fraud" under the foregoing analysis, "[a]

28  plaintiff alleging unfair business practices under [these statutes] 'must state with reasonable

particularity the facts supporting the statutory elements of a violation.'" *Silicon Knights, Inc. v. Crystal Dynamics, Inc.,* 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of Cal., Inc.,* 14 Cal. App. 4th 612, 619 (1993)); *see also Qarbon.com, Inc. v. eHelp Corp.,* 315 F. Supp. 2d 1046, 1052 (N.D. Cal. 2004) (dismissing UCL counterclaim for failure to satisfy the *Khoury* "reasonable particularity" standard; *accord Perdue v. Crocker Nat'l Bank,* 38 Cal. 3d 913, 929 (1985), *cert. dismissed,* 475 U.S. 1001, 106 S. Ct. 1170 (1986).  This accords with the Supreme Court's most recent interpretation of Fed. R. Civ. P. 8, under which a plaintiff must plead facts giving the defendant "fair notice of what the claim is and the grounds on which it rests, [including factual allegations sufficient] to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at ___, 127 S. Ct. at 1964-65 (citations omitted).  A "general reference to a series of statutory provisions . . . does not provide [the opposing party] with fair notice" in a pleading.  *Qarbon.com, Inc.,* 315 F. Supp. 2d at 1049 (quoting *Advanced Cardiovascular Sys. v. Scimed Sys., Inc.,* No. C96-0950 DLJ, 1996 WL 467277, at *3 (N.D. Cal. July 24, 1996)).

## I.    THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE UNFAIR COMPETITION LAW (UCL) OR FALSE ADVERTISING LAW (FAL) BECAUSE THE CLAIMED STATEMENTS CANNOT DECEIVE A REASONABLE CONSUMER AND CANNOT LEAD TO INJURY

### A.  Plaintiff's Assertion of Consumer Deception is Implausible on its Face.

To state a claim for violations of the UCL or FAL based on a claimed misrepresentation, a plaintiff must plausibly allege that a challenged statement is likely to deceive the reasonable consumer.  *Gerber,* 552 F.3d at 938 (citing *Freeman v. Time, Inc.,* 68 F.3d 285, 289 (9th Cir. 1995); *Lavie v. Procter & Gamble Co.,* 105 Cal. App. 4th 496, 506-07 (2003)).  Dismissal is appropriate where the "advertisement itself ma[kes] it impossible for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Gerber,* 552 F.3d at 939 (noting that this situation is rare, but that such dismissals have been upheld); *see also Freeman,* 68 F.3d at 290 (affirming dismissal of UCL/FAL claim with prejudice on grounds that "no reasonable [consumer] could believe . . . that [he] was already the winner" of subject sweepstakes, even though large print on mass mailing said so, because small print clarified the terms of the

accompanying offer); *Haskell v. Time, Inc.*, 857 F. Supp. 1392 (E.D. Cal. 1994) (granting motion to dismiss UCL and FAL claims where challenged statement was facially unlikely to deceive). "[I]f the alleged misrepresentation, in context, is such that no reasonable consumer could be misled, then the allegation may . . . be dismissed as a matter of law." *Haskell*, 857 F. Supp. at 1399; *accord Lavie*, 105 Cal. App. 4th at 496.

The only statement generally challenged in the Complaint is the claimed representation in the alleged advertisements that "free coins" are included "with the purchase of the coin holding product." Complaint ¶ 23. Having so alleged, plaintiff goes on to assert that, because "defendants have never sold the coin holding products without the coins[,]" the coin holders "therefore have no normal price" and "there is no way to determine whether [the coins are] really free." *Id.*

As a matter of law, the alleged characterization of the coins as "free" cannot mislead or deceive a reasonable consumer (or for that matter *any* consumer), because, under plaintiff's allegations, that which is said to be "free" with the purchase of the claimed "coin holding products" is in fact legal tender U.S. currency. *See* Complaint ¶ 29.D (implicitly averring that the included coins are "available from the U.S. government"). Every reader of such an ad is aware that he will pay an initial amount for the "coin holder" *less the face value of the U.S. currency included and received. Cf. Cordner v. United States,* 671 F.2d 367, 368 (9th Cir. 1982) (coins are "legal tender and hence 'money'" under the Internal Revenue Code, except where they have, by reason of their value to collectors, "a fair market value in excess of . . . face value [in which case they] should be deemed property other than money").[4] Owing to this inarguable economic reality, plaintiff's assertions that inclusion of "free coins" with the "coin holding

---

[4] In this regard, the Complaint neither alleges, nor provides any basis to infer, that the coins included with the subject products were not or are not worth their face value when received. But even if the Coins were alleged to have additional value reflecting numismatic worth, the reasonable consumer still would know that the net cost of the "coin holder" and accompanying coins is no greater than his initial payment less the face value of the coins, and therefore still could not and would not be deceived by the claimed use of the term "free" in the manner plaintiff suggests. *Cf. United States v. Kahre*, No. 2:05-CR-0121 RCJ RJJ, 2007 WL 1521064, *2 (D. Nev. May 22, 2007) (noting that "a silver dollar has a face value and a separate value reflecting the coin's numismatic worth").

product" means that "[t]he coin holders therefore have no normal price," such that "there is no way to determine whether [the coins are] really free," Complaint ¶ 23, are conclusory and simply do not make sense.

On the contrary, the difference between the amount initially remitted for the product and the face value of the coins received with the product is self-evidently the normal cost or price of the "coin holder," and the reasonable consumer can and would ascertain it by simple arithmetic. No reasonable consumer plausibly could claim to be deceived into believing that the amount of his initial remittance will be his cost for the "coin holding product" and that he is getting the coins for "free," because when the transaction is complete he has paid only a net cost. To contend otherwise, as plaintiff apparently does, is akin to asserting that the consumer who buys a quart of milk with a ten dollar bill and receives change in return could still believe he is paying ten dollars for the milk.

Plaintiff's own allegations thus establish that there is no plausible likelihood whatever of deception on the part of reasonable consumers stemming from the claimed use of the term "free." Because that is so, this case presents that "rare situation in which granting a motion to dismiss is appropriate" in a UCL case for want of a plausible showing of deception. *Gerber,* 552 F.3d at 939; *see Freeman,* 68 F.3d at 289 (upholding dismissal with prejudice on the grounds that "[a]ny ambiguity that [plaintiff] would read into any particular statement is dispelled by the promotion as a whole"); *Daugherty v. Am. Honda Motor Co., Inc.,* 144 Cal. App. 4th 824, 838, 51 Cal. Rptr. 3d 118 (2006) ("[I]n order to be deceived, members of the public must have had an expectation or an assumption about the matter in question."); *Khoury,* 14 Cal. App. 4th at 619 (alleged "'effect' of 'misleading' . . . customers" insufficient to state a UCL claim where factual allegations of complaint "do not . . . explain the manner of misleading appellant's customers"); *cf. Lavie,* 105 Cal. App. 4th at 508 (to proceed under the UCL or FAL, the allegedly-misleading statement must be capable of misleading "a significant portion of the general consuming public [who are] acting reasonably").

**B.  The Claimed Deception Cannot Lead to Any Injury.**

Even assuming, *arguendo* (though there is no basis to do so), that a reasonable consumer could be deceived by the claimed characterization into believing that his initial payment is for the "coin holder" only, believing that the included coins are "free," yet forgetting that the coins are legal tender U.S. currency, such "deception" would be harmless as matter of law and no basis for claims under the UCL or FAL.  This is because the included coins, being legal tender U.S. currency, reduce the purchase price by their face value *whether the purchaser appreciates it or not.*  And the claimed "likely deception," if it were to occur, could not and would not result in any pecuniary loss.  *Cf. Cel-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (the UCL "governs anti-competitive business practices as well as *injuries* to consumers") (emphasis added) (citations and internal punctuation omitted).  For this alternative reason, plaintiff's claims should be dismissed.

**II.    THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE UCL BECAUSE PLAINTIFF HAS NOT ALLEGED SUPPORTING FACTS WITH RULE 9(b) PARTICULARITY OR EVEN "REASONABLE PARTICULARITY"**

The UCL can be violated by conduct that is "fraudulent," "unfair," or "unlawful."  *See generally Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 315 (2003); *Blakemore v. Superior Court*, 129 Cal. App. 4th 36, 48 (2005).  And while the matter is not clear, plaintiff's § 17200 claim here appears to be brought under all three prongs of the statute.  *See* Complaint ¶ 23 (alleging "deceptive" use of the term "free");[5] *id.* at ¶ 25 (alleging "acts of unfair or unlawful competition"), and *id.* at ¶ 25.A-G (conclusory allegations of unlawful conduct in violation of specific provisions of the UCL, Federal Trade Commission Act and the FAL as bases for plaintiff's UCL claim).  In none of these respects has plaintiff pleaded supporting facts with the heightened particularity required of Rule 9(b).  Nor, to the extent, if any, that Rule 9(b) may be deemed not to apply, has plaintiff pleaded violations of any of the three prongs with the "reasonable particularity" required under Fed. R. Civ. P. 8 and applicable state precedent.  *See*

---

[5] *Cf. Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992) (to plead a violation of § 17200 under the "fraudulent" prong, a plaintiff must plead that "members of the public are likely to be deceived").

1  *Silicon Knights, Inc.,* 983 F. Supp. at 1316; *Khoury,* 14 Cal. App. 4th at 619; *accord Twombly,*

2  555 U.S. at ___, 127 S. Ct. at 1964-65.

3  **A. The Complaint Does Not State A Claim Under The "Fraudulent" Prong Of The UCL.**

4

5         Given plaintiff's generalized and non-specific allegations of "deceptive and misleading"

6  use of the term "free" over a period of years (Complaint ¶ 23), it is clear that plaintiff is alleging

7  "a unified course of fraudulent conduct" as the basis for his § 17200 claim and that the

8  particularity requirement of Rule 9(b) therefore applies to the whole claim. *See Vess,* 317 F.3d at

9  1103-04; *id.* at 1106 (holding that, because plaintiff's claims against the American Psychiatric

10  Association were based on alleged false representations, "the entirety of Vess' complaint against

11  the APA is comprised of allegations of a unified fraudulent course of conduct" and "the

12  complaint as a whole must satisfy the heightened pleading requirements of Rule 9(b)"). *Accord*

13  *Brothers v. Hewlett Packard Co.,* No. C-06-02254 RMW, 2006 U.S. Dist. LEXIS 82027, at *23,

14  2006 WL 3093685, at *7 (N.D. Cal. Oct. 31, 2006) ("Although fraud is not an essential element

15  of a § 17200 claim[,] the complaint does appear to be based on an entire course of fraudulent

16  conduct, namely, [defendant's] alleged false representation . . . of the alleged defects.") (citing

17  *Vess,* 317 F.3d at 1103-04).

18         Plaintiff's factual allegations clearly do not meet Rule 9(b)'s requirements.  As noted

19  above, plaintiff alleges in only the most vague and ambiguous terms that *unspecified* defendants

20  have used the term "free coins" in *unspecified* advertisements of *unspecified* "coin holding

21  products" in *unspecified* media on *unspecified* dates. *See* Complaint ¶ 23.  The facial inadequacy

22  of these factual allegations, without more, warrants dismissal of plaintiff's entire § 17200 claim.

23  *Vess,* 317 F.3d at 1107 ("If insufficiently pled averments of fraud are disregarded, as they must

24  be, in a complaint or claim grounded in fraud, there is effectively nothing left of the complaint

25  [and] a motion to dismiss under Rule 12(b)(6) would obviously be granted."); *Meinhold v.*

26  *Spectrum, LP,* No. Civ. S-07-00456 FDC EFB, 2007 WL 1456141, at *6 (E.D. Cal. May 16,

27  2007) (granting motion to dismiss UCL and FAL claims under Rule 9(b), holding that "general

28

allegations [of false and misleading statements] are insufficient to give defendant notice of the particular misconduct charged by the plaintiff").

Even if the court were to conclude that plaintiff "allege[s] some fraudulent and some non-fraudulent conduct," such that "only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements," *Vess*, 317 F.3d at 1104, the allegation of "misleading and deceptive" use of the term "free" in ¶ 23 and further allegations of "misleading" or "false" statements in ¶ 25 still sound in fraud, and the Court should disregard them entirely in determining whether plaintiff has stated a UCL claim. *See Vess*, 317 F.3d at 1105 ("the proper route is to disregard averments of fraud not meeting Rule 9(b)'s requirements"). For that additional reason, and in any event given the lack of even "reasonable particularity" in the Complaint, the Court should hold that plaintiff has not stated a claim under the "fraudulent" prong of the statute. *Khoury*, 14 Cal. App. 4th at 619.

**B.   The Complaint Does Not State a Claim Under the "Unfair" Prong of the UCL.**

Plaintiff appears to allege that Defendants' unspecified claimed conduct constitutes an "unfair" business practice under the UCL. *See* Complaint ¶¶ 18, 25. California courts are split as to the appropriate test for determining whether a practice is "unfair" in the context of a consumer protection action under the UCL. As explained in the recent *Bardin* decision,

> There are two lines of appellate opinions addressing the definition of "unfair" within the meaning of the UCL in consumer actions. One line defines "unfair" as prohibiting conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers and requires the court to weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim. *Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal. App. 4th 700, 718-719. The other line of cases holds that the public policy which is a predicate to a consumer unfair competition action under the "unfair" prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions. *Scripps Clinic v. Superior Court* (2003) 108 Cal. App. 4th 917.

*Bardin v. DaimlerChrysler Corp.*, 136 Cal. App. 4th 1255, 1260-61 (2006) (citations omitted). The *Scripps* line of cases arises from the California Supreme Court's decision in *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, *supra*, in which the Court held that claims under the "unfair" prong of the UCL must be tethered to specific constitutional, statutory, or regulatory provisions in claims among competitors. (The Court did not decide whether that test

1   would apply in consumer lawsuits.)  The *Smith* line of cases continues the pre-*Cel-Tech* case law

2   that applied a lower and more nebulous standard to claims of "unfair" conduct.

3         The instant Complaint plainly fails to satisfy the *Scripps* definition for claimed "unfair"

4   competition because plaintiff does not "tether" with reasonable particularity any claimed conduct

5   on the part of any defendant to any of the statutes plaintiff cites or to any policy underlying the

6   same.  *See Scripps*, 108 Cal. App. 4th at 940; *Churchill Village, L.L.C. v. Gen. Elec. Co.*, 169 F.

7   Supp. 2d 1119, 1130, n.10 (N.D. Cal. 2000) (applying the *Cel-Tech* test to consumer claims),

8   *aff'd*, 361 F.3d 566 (9th Cir.), *cert. denied*, 543 U.S. 818 (2004); *Bernardo v. Planned*

9   *Parenthood Fed'n of Am.*, 115 Cal. App. 4th 322, 353, *cert. denied*, 543 U.S. 942 (2004).

10        To begin with, the Complaint asserts in conclusory fashion that defendants have engaged

11  in "unfair methods of competition" in claimed violation of the generic prohibition of Section 5 of

12  Federal Trade Commission Act, 15 U.S.C. § 45 ("FTC Act").  Complaint ¶ 25.C.  This assertion

13  is not supported in any degree by legal or factual allegations.  Plaintiff does not cite the elements

14  of an FTC Act violation, does not identify the policies underlying that act, and makes no effort to

15  allege with "reasonable particularity" how or why the claimed conduct allegedly contravened the

16  FTC Act or its (unidentified) policies.  Much less does plaintiff allege with particularity *which*

17  defendant(s) allegedly contravened the FTC Act and when they allegedly did so.  Further, any

18  reliance on the FTC Act as a basis for plaintiff's § 17200 claim would be contrary to the holding

19  in *Kraus v. Trinity Mgmt. Serv., Inc.*, 23 Cal. 4th 116, 132, 999 P.2d 718, 729 (2000) that "[t]he

20  FTC Act may be enforced only by the Federal Trade Commission."  *Accord Brothers*, 2006 WL

21  3093685 at *6 n.5.

22        Nor, as discussed further below, does plaintiff state with any particularity at all (much

23  less Rule 9(b) heightened particularity or even the inarguably required "reasonable

24  particularity") when, how or why, or through what specific conduct, defendants could be said to

25  have run afoul of the provisions of, or the (unidentified) policies underlying, the California

26  statutes plaintiff lists so liberally.  Thus plaintiff has not stated a claim for "unfair" competition

27  under *Scripps. See Qarbon.com, Inc.*, 315 F. Supp. 2d at 1049 (a "general reference to a series

28  of statutory provisions . . . does not provide [the opposing party] with fair notice" in a pleading).

Plaintiff's UCL "unfairness" claim fares no better under *Smith,* under which the utility of the claimed conduct must be "weighed" against the "gravity of harm" to the alleged "victim." For the reasons elaborated in Section I above, the claimed characterization of the included coins as "free" can result in *no* harm whatever because the coins necessarily reduce the price paid to a net price whether the consumer appreciates it or not (though as a matter of law all consumers are constructively aware of this). Significantly in this regard, the Complaint is devoid of allegations that any consumer in Santa Cruz County was actually deceived by, or complained about, the subject advertisements or the products themselves, and plaintiff provides no other basis whatever to infer the existence of any actual or potential "victim" here. On the other side of the balance, defendants' claimed conduct in selling the unspecified "coin holding" products (including the "free" coins) to consumers must be deemed to have at least a modicum of "utility" to those consumers (even though the Santa Cruz District Attorney's office may not think so), because under plaintiff's own allegations consumers elect to buy them. Complaint ¶ 23. In these circumstances, the Complaint cannot properly be deemed to have pled a cause of action under the *Smith* standard for "unfair" competition. If there were any doubt about this, the glaring lack of particulars in the Complaint eliminates it completely. *See Khoury*, 14 Cal. App. 4th at 619.

## C. The Complaint Does Not State a Claim Under the "Unlawful" Prong of the UCL

Plaintiff appears to allege that defendants violated the UCL's "unlawful" prong by violating various specific provisions of the UCL, FAL and Federal Trade Commission Act. Complaint ¶ 25.A-G. Under the "unlawful" prong, the UCL "borrows violations of other laws and treats these violations, when committed pursuant to business activity, as unlawful practices independently actionable under section 17200 et seq." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992) (citations and quotation marks omitted).

As noted above, plaintiff's Complaint is long on references to statutory provisions, but conspicuously short on factual allegations showing with "reasonable particularity" any plausible basis to believe defendants have contravened them. If plaintiff's allegations of "deceptive and misleading" statements are disregarded for want of particulars, "as they must be" under *Vess,* that would leave for consideration, at most, plaintiff's conclusory allegations that unspecified

defendants have made "unlawful use of the word free" in claimed violation of Bus. & Prof. Code § 17537.11(b)," "violated Section 5(a) of the FTC Act," "notif[ed] a consumer that he or she will receive a free gift" in claimed violation of Bus. & Prof. Code § 17537(c), and made "an advertising claim with a price that does not clearly and conspicuously identify the article of merchandise to which it relates" in claimed violation of Bus. & Prof. Code § 17507.  Complaint ¶ 25.

It is well settled that a plaintiff bringing a claim based on the "unlawful" prong must identify not only the particular statutory provision that the defendant allegedly violated, but also "must describe with reasonable particularity the facts supporting the violation." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, No. C07-00554 JSW, 2007 WL 2122638, at *10 (N.D. Cal. July 23, 2007) (citing *Brothers*, 2006 WL 3093685 at *7); *accord Khoury*, 14 Cal. App. 4th at 619.  Here, plaintiff alleges no facts showing how or why defendants' alleged use of the term "free" is unlawful under § 17537.11(b) (a statute which by its terms regulates the use of "coupon[s]" and not advertisements generally[6]), no facts showing how or why defendants have violated Section 5(a) of the FTC Act (a statute that plaintiff may not enforce by means of a § 17200 claim in any event, *Kraus*, 23 Cal. 4th at 133, 999 P.2d at 729), and no facts showing that defendants have ever "notified consumers that they will receive a free gift", or how or why such (un-alleged) notification would violate § 17537(c).[7]  It is thus pellucid that plaintiff has not adequately pleaded a cause of action under the "unlawful" prong of § 17200.  *See Sonoma Foods, Inc.*, 2007 WL 2122638 at *10; *Khoury*, 14 Cal. App. 4th at 619.

---

[6] Cal. Bus. & Prof. Code § 17537.11 provides, in part: "(a) It is unlawful for any person to offer a *coupon* that is in any manner untrue or misleading. (b) It is unlawful for any person to offer a *coupon* described as "free" or as a "gift," "prize," or other similar term [in specified circumstances]." (Emphasis added.)

[7] In addition, plaintiff's implication, at ¶ 25.D of the Complaint, that Cal. Bus. & Prof. Code § 17537(a) regulates the use of the term "free" is mistaken.  By its terms, this provision purports only to regulate use of "the term[s] 'prize' or 'gift' or other similar term." *Id.*  Plaintiff offers no basis to infer that the adjective "free" is a term similar to the specific nouns "prize" and "gift," and indeed such an inference would not be reasonable. *See Kraus*, 23 Cal. 4th at 141, 999 P.2d at 734 (discussing the *ejusdem generis* doctrine).

1    In summary, because plaintiff's Complaint is based on a uniform course of alleged

2    fraudulent conduct, the entire § 17200 cause of action fails for want of factual allegations

3    meeting the heightened particularity standard of Rule 9(b).  Even if the Court were to hold that

4    some of plaintiff's allegations need only be pled with "reasonable particularity" under Rule 8 and

5    *Khoury,* the complaint still fails to state a claim for "unfair" or "unlawful" (or for that matter

6    "fraudulent") conduct under § 17200 due to its abject lack of particularity.  Accordingly, in the

7    event the Court declines to dismiss based on plaintiff's incurable failure to plead a plausible

8    likelihood of deception, *see* Section I, *supra,* the Court should nevertheless dismiss plaintiff's §

9    17200 claim for want of particularity.  *See, e.g., Bernardo,* 115 Cal. App. 4th at 353-55

10   (dismissing UCL claim).

11   **III.    THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE FAL BECAUSE**
         **PLAINTIFF HAS NOT ALLEGED SUPPORTING FACTS WITH RULE 9(b)**
12       **PARTICULARITY**

13   Plaintiff's second cause of action alleges violations of the FAL.  Complaint ¶¶ 27-33.

14   Section 17500 prohibits making statements that are untrue or misleading, and that are known, or

15   by the exercise of reasonable care should be known, to be untrue or misleading, in order to

16   induce consumers into purchasing property or services.  Cal. Bus. & Prof. Code § 17500 (West

17   2009).  *See Chip-Mender, Inc. v. Sherwin-Williams Co.,* No. 05-3465 PJH, 2006 WL 13058, at

18   *11 (N.D. Cal. Jan. 3, 2006) (granting motion to dismiss § 17500 claim and explaining that

19   plaintiff must allege facts showing that defendant made untrue or misleading statements with the

20   intent to deceive and which are likely to deceive); *Consumer Advocates v. Echostar Satellite*

21   *Corp.,* 113 Cal. App. 4th 1351, 1360 (2003), *rev. denied* (Mar. 24, 2004).

22   Per Section I above, plaintiff has incurably failed to state a claim under § 17500 because

23   the claimed advertising statements are facially not "likely to deceive" a reasonable consumer as a

24   matter of law.  *See* pp. 5-8, *supra.*  Plaintiff's FAL claim also fails for the additional and

25   independent reason that it is inarguably "grounded in fraud" and yet totally bereft of

26   particularized factual allegations showing fraud.  *Compare Meinhold,* 2007 WL 1456141 at *6

27   (holding that, where § 17200 and § 17500 claims are based on advertising "representations that

28   [defendant] knew or should have known were untrue or misleading," the claims are "'grounded

1  in fraud' and such that [plaintiff] must meet 9(b)'s heightened pleading standard") *with*

2  Complaint ¶¶ 29-30 (alleging elements of fraud in conclusory fashion).

3          As noted above, the Complaint alleges no facts concerning which of the five named

4  defendants caused the publication of claimed advertisements (the "who"); alleges no facts

5  concerning the particular product advertisements on which the claim is purportedly based (the

6  "what"); alleges no facts concerning which particular publications (if any) or other media

7  published such advertisements (the "where"); alleges no facts concerning the particular dates on

8  which such advertisements were published (the "when"), and does not explain (other than in the

9  most conclusory and implausible way) how the claimed statements are or were likely to mislead

10 reasonable consumers (the "how").  *See Meinhold,* 2007 WL 1456141 at *6 (dismissing UCL

11 and FAL claims for failure to "identify what advertisements [plaintiff] is referring to, when she

12 saw them, where she saw them, or how the statements made in those specific advertisements

13 were untrue or misleading"); *accord Vess,* 317 F.3d at 1106 ("Averments of fraud must be

14 accompanied by 'the who, what, when, where, and how' of the misconduct charged."); *cf.*

15 *Perfect 10, Inc. v. Visa Int'l Svc. Ass'n,* 494 F.3d 788 (9th Cir. 2007) (when considering a motion

16 to dismiss, the Court need not accept the truth of conclusory allegations).  Moreover, the

17 Complaint alleges no facts showing the "who, what, when, where, and how" required by Rule

18 9(b) to support plaintiff's conclusory allegation that defendants "knew" or "should have known"

19 the alleged advertising language was "false, misleading or deceptive."  *See Fulford v. Logitech,*

20 *Inc.,* No. C-08-2041 MMC, 2008 WL 4914416, at *2 (N.D. Cal. Nov. 14, 2008).

21          Because plaintiff's factual allegations do not meet the heightened pleading standards of

22 Rule 9(b), all contentions and conclusions in purported support of plaintiff's § 17500 claim

23 should be disregarded, and the Court should dismiss the claim accordingly.  *Fulford,* 2008 WL

24 4914416 at *4-5; *Aaron v. Aguirre,* No. 06-CV-1451, 2007 WL 959083, at *12 (S.D. Cal. Mar.

25 8, 2007) (dismissing complaint where "[p]laintiffs fail to allege sufficient facts to support their

26 position that Defendants knew these representations were false.").  Even if the Court were to

27 apply the Rule 8/*Khoury* standard of "reasonable particularity" (though the Rule 9(b) standard

28 clearly applies), plaintiff's § 17500 claim still fails for the reasons stated in Section II, *supra, in*

1 | respect of plaintiff's § 17200 claim.  There simply are no particulars to speak of in this

2 | Complaint in general or in support of this cause of action in particular.

3 | **CONCLUSION**

4 | For the reasons stated above, plaintiff's assertion of consumer deception is facially

5 | implausible, such that the Complaint presents no legally cognizable theory to support plaintiff's

6 | deception-based claims for relief.  Even if the Court were to hold otherwise, the Complaint does

7 | not allege facts in support of plaintiff's causes of action sufficient to satisfy the pleading

8 | requirements of Fed. R. Civ. P. 9(b) and/or Rule 8 and applicable state law.   Defendants

9 | therefore respectfully request that the Court grant the instant motion and dismiss the Complaint

10 | in its entirety.

11 | Dated:  April 6, 2009

12 | WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

13 |

14 | By:      /s/ Leo Cunningham

15 | Leo Cunningham
650 Page Mill Road
Palo Alto, CA 94304-1050

16 | Telephone: (650) 493-9300
Facsimile:  (650) 565-5100

17 |

18 | *Attorneys for Defendants*
*Universal Syndications, Inc., Arthur Middleton Capital Holdings, Inc., World Reserve Monetary Exchange,*

19 | *Inc., Rodney L. Napier, and Mark R. Stornes.*

20 |

21 | OF COUNSEL:

22 | JOHN J. WALSH (*PRO HAC VICE APPLICATION TO BE FILED*)
THEODORE ALLEGAERT

23 | CARTER LEDYARD & MILBURN LLP
2 Wall Street

24 | New York, NY 10005
Telephone:  (212) 732-3200

25 | Facsimile:   (212) 732-3232

26 |

27 |

28 |

1

## ATTESTATION

2

 I, Crystal M. Gaudette, am the ECF user whose identification and password are being

3

used to file this NOTICE OF MOTION AND MOTION TO DISMISS (Fed. R. Civ. P. 12(b)(6));

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT.  In compliance with

5

General Order 45.X.B, I hereby attest that Leo Cunningham concurs in this filing.

6

Dated:  April 6, 2009       By:   /s/ Crystal M. Gaudette

7

              Crystal M. Gaudette

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28